The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some modifications. Plaintiff here has requested that the Full Commission receive further evidence in the way of weather reports, including newspaper accounts as well as National Climatic Data Center Reports; a National Climatic Center Report on Heat Stress; and seven pages of medical reports from Onslow Memorial Hospital covering plaintiff on his June 8, 1992 visit. These documents, in the discretion of the undersigned, are received into evidence and made an official part of the record in this case.
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff is a 32 year-old married male with a high school education, who currently resides in Aurora, Illinois.
2. In April of 1992, he became employed as a painter by defendant Crystal Coast Painting. At the time in question on June 8, 1992, he was involved in painting the exterior of a new condominium complex. As was plaintiff's customary practice that morning, plaintiff had not eaten breakfast.
3. At approximately 8:30 a.m. that same morning, plaintiff arrived at the job site and was up on a ladder painting the building's exterior until taking a mid-morning break where he drank some liquids. After the mid-morning break, plaintiff resumed painting until lunchtime, when he and the other members of the painting crew were picked up and taken to the same store where they had lunch every day. While at the store on the lunch break, plaintiff passed out and was taken to Onslow Memorial Hospital. Plaintiff alleges that he suffered a heat-related work injury.
4. According to published newspaper reports and national weather service records presented into evidence, the maximum temperature for that day did not exceed 91 degrees. Plaintiff believed that it felt close to 120 degrees with the heat index factor.
5. While plaintiff testified that he suffered a heat-related injury as a result of his painting job the morning of June 8, 1992, his testimony can neither be accepted as credible or convincing in light of the absence of sufficient convincing expert medical evidence to causally link plaintiff's "passing-out" and any further residual effects to any work-related heat exposure. There is no convincing evidence that plaintiff's condition arose out of or in the course of his employment with defendant-employer. There is further no convincing evidence that the nature of plaintiff's work placed him at an increased risk of a heat-related injury as compared to members of the general public who were outside during the same period of time or to other employments at large which involved working outside.
* * * * * * * * * * * * * *
The foregoing stipulations and findings of fact engender the following
CONCLUSION OF LAW
On June 8, 1992, plaintiff did not sustain an injury by accident arising out of and in the course of his employment resulting in the allegedly disabling heat-related injury giving rise to this claim. Fields vs.Tompkins-Johnson Plumbing Company, 224 N.C. 841, 32 S.E.2d 623
(1945).
In light of the absence of sufficient convincing medical evidence, plaintiff's testimony, and any other evidence, which if believed would tend to establish that he suffered any type of compensable heat-related work injury on the date in question, are not accepted as credible or convincing.
It is well established that the Industrial Commission is the sole judge of credibility and weight to be given the testimony at hearing, and may accept or reject any or all of the testimony of a witness. Blalock v. Roberts Co., 12 N.C. App. 499,183 S.E.2d 827 (1971).
* * * * * * * * * * * * * *
Based upon this conclusion of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Plaintiff's claim must be and is HEREBY DENIED.
2. Each side shall bear its own costs.
This the __________ day of ________________________, 1995.
 S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________________ J. RANDOLPH WARD COMMISSIONER
S/ ________________________ GREGORY M. WILLIS DEPUTY COMMISSIONER
JHB/nwm 06/09/95